Amanze v. Adeyemi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of October, two thousand twenty.**

PRESENT:
    ROBERT D. SACK,
    ROBERT A. KATZMANN,
    RICHARD C. WESLEY,
     *Circuit Judges.*

_____

Stella Amanze,

    *Plaintiff-Appellant*,

    v.             19-2375

Tomi Adeyemi, Macmillan Publishing Group LLC,
DBA Henry Holt and Company,

    *Defendants-Appellees*,

Lola Shoneyin, DBA Ouida Books, John and Jane
Does 1–10,

    *Defendants*.
_____

For Plaintiff-Appellant:       Stella Amanze, pro se, New York, NY.

For Defendants-Appellees:     Robert D. Balin, Davis Wright Tremaine
                   LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Stella Amanze ("Amanze"), proceeding *pro se*, appeals from a judgment of the district court dismissing her copyright complaint against Tomi Adeyemi ("Adeyemi") and Adeyemi's publisher, Macmillan Publishing Group LLC (collectively, "Defendants"). We assume the parties' familiarity with the contents of *Children* and *Banished*, the procedural history of the case, and the issues on appeal.

Amanze alleged that Adeyemi's 2018 best-selling novel, *Children of Blood and Bone* (hereinafter, *Children*), copied characters, plots, and themes from Amanze's self-published novel *Banished*. After thoroughly examining each of the books, the district court granted Defendants' motion to dismiss, concluding that, "at anything but the most abstract levels of generality, the two works are nothing alike, let alone substantially similar." *Amanze v. Adeyemi*, No. 18-CV-8808 (NRB), 2019 WL 2866071, at *6 (S.D.N.Y. July 3, 2019). We review that decision *de novo*. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65–66 (2d Cir. 2010). We agree with the thorough and well-reasoned opinion of the district court, and for substantially the same reasons, we affirm.

Here, our independent review of *Banished* and *Children* reveals that the district court correctly determined that the novels are not substantially similar as a matter of law. As the district court concluded, the books contain entirely distinct plots, characters, themes, and settings; further, the overall concept and feel are utterly different. *See Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996). The only apparent similarities between the books—such as the existence of magic, love, royalty, and evil—are unprotectable abstract ideas or *scenes a faire* that flow naturally from such ideas. *See id.* at 587; *see also Stromback v. New Line Cinema*, 384 F.3d 283, 296–97 (6th

2

Cir. 2004) (holding that "themes, such as saving the world, the battle between good and evil, sibling rivalry or familial secrets and issues, and racial issues . . . and plots, such as foiling the antagonist's attempt to rule the world" are "beyond any level of abstraction at which copyright protection might begin to attach"). To the extent Amanze argues that she has also met the requirements of the "fragmented literal similarity test"—as opposed to or in addition to showing that the total concept and feel of the books are similar—she fails to identify any examples of "direct quotations or close paraphrasing," as required to meet that test. *Castle Rock Entm't, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132, 140 (2d Cir. 1998).

Finally, each of Amanze's specific allegations of similarity raised on appeal fail because those examples do not demonstrate any protectable similarity. We have previously rejected "[s]uch a scattershot approach." *Williams*, 84 F.3d at 590. In any event, after careful review of each of Amanze's examples, we find that they fail to show protectable similarities and instead demonstrate abstract *scenes a faire* or dissimilarities between the novels.

Finally, because review of the complaint and the two manuscripts reveals that Amanze's claims are not merely "inadequately or inartfully pleaded" such that "she should therefore be given a chance to reframe" them, we affirm the dismissal of her claims with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In other words, there is nothing more that Amanze could allege that would change the outcome of this case. The two books are simply not substantially similar as a matter of law, which leaves nothing for a jury to determine.

We have considered all of Amanze's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3